**Stacey CLARK, Plaintiff,**

v.

**Archibald ALEXANDER, Acting Executive Director, Alexandria Redevelopment and Housing Authority, Defendant.**

Civ. A. No. 94–1242–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Feb. 2, 1995.

Micael G. Allen, Legal Services of Northern Virginia, Falls Church, VA, for plaintiff.

Michael J. Weiser, Alexandria, VA, for defendant.

### MEMORANDUM OPINION

HILTON, District Judge.

This matter came before the Court on defendant's motion for summary judgment and plaintiff's motion for partial summary judgment. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. She seeks an injunctive order enjoining the defendant and anyone acting in concert and participation with him from terminating her Section 8 Housing assistance and a declaration that the defendant has violated her federal statutory, regulatory and constitutional rights by terminating her Section 8 benefits. The plaintiff complains that the defendant violated federal statute 42 U.S.C. § 1437f addressing low-income housing assistance and regulations 24

C.F.R. §§ 882.210 and 882.118 [1] by inappropriately applying federal law and regulations in the termination of her Section 8 Housing assistance. The plaintiff further complains that the defendant violated her right to due process by failing to conduct a hearing conforming to federal regulations.

The Section 8 program provides rental assistance to families having low incomes. It is governed by regulations promulgated by the United States Department of Housing and Urban Development ("HUD"). Applications for assistance are reviewed and eligibility decisions made by the Alexandria Housing and Redevelopment Authority ("AHRA") and its local administrative agent. AHRA may terminate participation in the Section 8 program under 24 C.F.R. Part 882.

Ms. Clark has been a participant in the Section 8 Housing Assistance Payments Program since December, 1988. This program is administered by AHRA pursuant to 24 C.F.R. §§ 882.101 *et. seq.* On March 19, 1994, the Alexandria police secured a search warrant for plaintiff's address and for a black male at her address. Present on the premises at the time of the execution of the warrant were David Clark, the plaintiff's estranged husband, and Ms. Clark's father. As a result of the search, Detective Aden seized illegal drugs and drug-related paraphernalia from the premises.

Mr. Archibald Alexander, Acting Executive Director of AHRA, terminated Ms. Clark's participation in the Section 8 Certificate program based upon a preponderance of the evidence and notified her of this decision by letter dated May 9, 1994. Ms. Clark requested and received an informal hearing on July 27, 1994 before Steven Zimmerman, an attorney in private practice in Alexandria, Virginia. Mr. Zimmerman upheld AHRA's decision to terminate Ms. Clark's benefits.

This Court reviews the administrative decision of the AHRA and the hearing officer under the standard set forth in *Ritter v. Cecil Cty. Office of Hous. & Cmty. Dev.,* 33 F.3d 323 (4th Cir.1994). Under this standard "[i]t is appropriate ... to show some deference to a state agency interpreting regulations under the authority of a federally created program". *Id.* at 327–28, *citing General Electric Co. v. Gilbert,* 429 U.S. 125, 141, 97 S.Ct. 401, 410, 50 L.Ed.2d 343 (1976). The *Ritter* Court further explained:

> Although less deference may be due when considering an agency's interpretive rules than when a federal agency adopts regulations through the official rulemaking process, or when a policy-making agency adjudicates disputes, the nature of our inquiry here is quite similar.... The deference that we conclude is applicable applies only to the extent the agency's rules are not contrary to the statute or regulation, and that question is one of law for the courts to determine *de novo.*

33 F.3d at 328 (citations omitted). Thus, this Court considers whether the AHRA decision to terminate the plaintiff's Section 8 assistance was based on an agency rule that was contrary to federal statute or regulation.

■ The plaintiff argues that before Section 8 assistance may be terminated because a "Family member" engaged in "drug-related criminal activity", the AHRA must establish that David Ellis Clark was a "Family member". The plaintiff denies that *any* family member was engaged in drug-related criminal activity at her residence. She argues that David Clark is not a part of her family for purposes of the Section 8 program and did not live with her. She contends that the AHRA and the hearing officer applied a definition of "Family member" which is beyond the scope of that intended by 24 C.F.R.

---

1. The applicable portions of these regulations provide:

    § 882.210 *Grounds for denial or termination of assistance.*
    (d) In the following cases, the PHA [public housing authority] may terminate housing assistance payments which are being made on behalf of the participant under an outstanding Contract:

    (2) If the participant has violated any Family obligation under the Section 8 Existing Housing Program as stated in § 882.118.
    § 882.118 *Obligations of the Family*
    (b) The Family shall not:
    (4) Engage in drug-related criminal activity or violent criminal activity by any Family member.

§ 812.2 [2]. However, she concedes that relevant CFR provisions do not provide a singular definition for what constitutes a "Family member".

To support her argument, the plaintiff directs this Court's attention to 55 Fed.Reg. 28538 (July 11, 1990), HUD's preamble to the "drug-related criminal activity" regulation. There, in response to a comment that the rule should be clarified to provide that termination would not apply to extended family living in another unit in the same project, HUD said:

> The clarification is not needed because "family" in these programs includes only individuals who are occupying the same unit.

55 Fed.Reg. at 28543, col. 3. The plaintiff concludes that HUD did not intend to expand the term "Family" or "Family member" to include someone such as David Clark. Plaintiff's argument ignores the conclusion that, based on the evidence, the AHRA and the hearing officer did, in fact, consider David Clark a "Family member".

■ Plaintiff further argues that status as a "Family member" may be acquired only upon application by a participant for inclusion in the "Family", and upon a determination by the Public Housing Agency ("PHA") that the person suggested for inclusion meets the criteria of being a "Family member". However, a participant's failure to provide required information to the AHRA will not shield that participant from his or her responsibilities under the program. If plaintiff's argument is taken to its logical conclusion, the AHRA would not then be able to terminate housing assistance when a family member violates a provision of the HUD or PHA regulations unless that person had first acquired the regulatory status of "Family member".

The fact that Ms. Clark did not list David Clark as a family member is unpersuasive in light of Detective Aden's testimony regarding Mr. Clark's assertions and admissions during the execution of the search warrant. Statements made to Detective Aden by David Clark at the time of the execution of the warrant indicate that Mr. Clark was more than an occasional guest. In addition, the detective seized illegal drugs and paraphernalia from the master bedroom and the basement.

The plaintiff complains that the hearing officer makes no *explicit* finding of fact that Mr. Clark was a family member nor was there sufficient evidence to support such a conclusion. This Court finds that the AHRA and the hearing officer had ample evidence before them to conclude that David Clark was a member of Ms. Clark's family. Such information was contained in the initial letter from the AHRA and in the decision of the hearing officer. In fact, the hearing officer specifically states that he considered the totality of the evidence in coming to the conclusion that the AHRA had shown by a preponderance of the evidence that drug-related criminal activity occurred in the plaintiff's residence and that such residence was under her control. As such, he continued, the plaintiff violated the requirements set forth by 24 C.F.R. §§ 882.118 and 887.401.

AHRA's determination of what constitutes a "Family member" for purposes of terminating Section 8 assistance is not inconsistent with or contrary to HUD regulations. As the *Ritter* Court concluded, "[u]nder the deference to be accorded a reasonable interpretation, we cannot substitute a different view, even if we thought it more reasonable." 33 F.3d at 329 *citing, Chevron U.S.A. v. Natural Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984). The interpretation applied by AHRA and the hearing officer is entitled to reasonable deference.

■ The plaintiff next complained that her due process rights have been violated as the hearing officer allowed into evidence hearsay testimony of a confidential informant. However, 24 C.F.R. § 887.405(b)(6)(iv) specifically states that:

> Evidence may be considered without regard to admissability under the rules of evidence applicable to judicial proceedings.

**2.** " 'Family' includes but is not limited to—(a) An Elderly Family or Single Person as defined in this part, (b) the remaining member of a tenant family, and (c) A Displaced Person."

This provision in the HUD regulations is not particular to Section 8 informal hearings but is applicable in most administrative proceedings. *Richardson v. Perales,* 402 U.S. 389, 400, 91 S.Ct. 1420, 1426–27, 28 L.Ed.2d 842 (1971). In addition, nowhere in the opinion letter of August 4, 1994 is there any indication that the hearing officer's decision was based on "hearsay testimony of a confidential informant," rather it was premised on substantial non-hearsay evidence presented at the hearing. The hearing officer received substantial, first-hand testimony from Detective Aden relative to the execution of the search warrant, the items seized, and conversations with David Clark. Contrary to the plaintiff's assertions, the decision of the hearing officer plainly rested "solely on the legal rules and evidence adduced at the hearing" as mandated by *Goldberg v. Kelly,* 397 U.S. 254, 271, 90 S.Ct. 1011, 1022, 25 L.Ed.2d 287 (1970) (citations omitted).

█ Ms. Clark next complains that her due process rights were violated when she did not have an opportunity to review the certificates of chemical analysis prior to admission into evidence at the hearing. An analogous situation presented itself to the United States Supreme Court in *Richardson v. Perales* and the Court ruled that medical reports from doctors were admissible as evidence in a disability hearing, despite their hearsay character and absence of cross-examination. 402 U.S. at 402, 91 S.Ct. at 1428. In that case, the Court was referring to a section of the Social Security Act which is virtually indistinguishable from applicable 24 C.F.R. § 882.216(b)(6)(iv) as referenced above. The credibility and veracity attributed to the medical reports by the Supreme Court in *Perales* are equally applicable to this laboratory analysis. 402 U.S. at 402, 91 S.Ct. at 1427–28.

Ample evidence was presented for the AHRA and the hearing officer to conclude that David Clark was a family member. Further, the hearing officer appropriately considered information the plaintiff characterizes as hearsay. Therefore, defendant's motion for summary judgment should be granted and plaintiff's motion for partial summary judgment should be denied.